UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

PATRICIA DENNIS,           )
                           )
    *Plaintiff*,           )
                           )     No. 1:20-cv-46
v.                         )
                           )     Judge Curtis L. Collier
G4S SECURE SOLUTIONS (USA), INC.,    )     Magistrate Judge Susan K. Lee
                           )
    *Defendant.*           )

## M E M O R A N D U M

Defendant has filed a motion to dismiss Plaintiff's claim under the Equal Pay Act for failure to state a claim upon which relief can be granted. (Doc. 16.) Plaintiff has filed a response in opposition (Doc. 21) and Defendant has filed a reply (Doc. 22).

Plaintiff has also filed a motion to amend her complaint. (Doc. 20.) Defendant has filed a response in opposition (Doc. 22) and the time for filing a reply has expired. *See* E.D. Tenn. L.R. 7.1(a).

For the reasons set out below, the Court will **GRANT** Defendant's motion to dismiss the Equal Pay Act claim and will **DENY** Plaintiff's motion to amend the complaint.

## I.    BACKGROUND[1]

In June 2017, Plaintiff was hired by Defendant to help provide security at Memorial Hospital locations in Chattanooga, Tennessee. Plaintiff was sixty-seven years old when she was hired. While working for Defendant, Plaintiff's work schedule, along with the schedules of other older employees, were constantly changed. Older employees would also frequently be shifted between Memorial Hospital locations. In addition, Defendant made verbal threats to older

---

[1] This summary of the facts accepts all of the factual allegations in Plaintiff's Complaint (Doc. 1-1) as true. *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

employees and created impossible working conditions for them. For example, on one occasion, supervisors ordered older employees to help process bodies of deceased patients at the hospital for transport to funeral homes or risk being fired. Defendant also often assigned older female employees, including Plaintiff, extra duties that interfered with their ability to remain at their posts. Further, on an almost daily basis, supervisors told older employees, including Plaintiff, that they were "too old" or "too slow," and when performing duties they were told "step it up," "speed up your pace," and "I guess age tends to slow some people down."

On or about December 21, 2018, Plaintiff was terminated for alleged insubordination. Around five months later, on or about May 20, 2019, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (the "EEOC"), alleging age and sex discrimination. The EEOC proceedings are still pending.

On February 14, 2020, Plaintiff filed suit against Defendant, alleging violations of the Tennessee Human Rights Act, the Age Discrimination in Employment Act, the Equal Pay Act, and the Civil Rights Act of 1964. (Doc. 1-1.)

Defendant has now moved to dismiss Plaintiff's claim under the Equal Pay Act, asserting Plaintiff's singular mention of the Equal Pay Act in the introduction of her complaint is insufficient to state a claim for relief under the Equal Pay Act. (Doc. 16.) Plaintiff has filed a response in opposition, contending a reasonable inference can be drawn from the complaint's factual allegations that Defendant paid older workers and female workers less than their younger and male counterparts. (Doc. 21.) Defendant has filed a reply. (Doc. 22.)

Plaintiff has also filed a motion to amend her complaint to add new factual allegations. (Doc. 20.) In response Defendant contends that even with the additional factual allegations, the amended complaint still fails to state an Equal Pay Act claim and thus the claim should be

2

dismissed.  (Doc. 22.)  Plaintiff has not filed a reply and the time to do so has expired.  *See* E.D. Tenn. L.R. 7.1(a).

## II.      STANDARDS OF REVIEW

### A.      Motion to Dismiss

A party may move to dismiss a claim for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In deciding a Rule 12(b)(6) motion to dismiss, a court must first accept all of the complaint's factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).  All ambiguities must be resolved in the plaintiff's favor.  *Carter by Carter v. Cornwell*, 983 F.2d 52, 54 (6th Cir. 1993) (citing *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577 (6th Cir. 1992)).  Bare legal conclusions, however, need not be accepted as true.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

After assuming the veracity of factual allegations and construing ambiguities in the plaintiff's favor, the Court must then determine whether those allegations "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Sufficient factual allegations are pleaded when a court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged" and there is "more than a sheer possibility that a defendant has acted unlawfully."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To determine whether the complaint states a plausible claim on its face, a court must "draw on its judicial experience and common sense."  *See id.* at 679.

If a party presents matters outside the pleadings in connection with a pending motion to dismiss, the court must either exclude those matters from consideration or treat the motion as one for summary judgment.  Fed. R. Civ. P. 12(d).  Documents attached to the pleadings are considered

part of the pleadings, Fed. R. Civ. P. 10(c), and a court's consideration of documents referenced in a complaint that are integral to the claims does not convert a motion to dismiss into a motion for summary judgment. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

### B. Motion to Amend

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading before trial with the court's leave, which "[t]he court should freely give . . . when justice so requires." The court's discretion is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (quoting *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)). In evaluating whether to grant leave to amend, the court should consider "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment . . . ." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

Because "[a]n amended complaint supersedes an earlier complaint for all purposes," *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013), pending motions directed to an initial complaint are generally denied as moot when an amended complaint is filed. *See, e.g., Lopez v. Metro. Gov't of Nashville*, No. 3:07-CV-0799, 2008 WL 913085, at *2 (M.D. Tenn. Apr. 1, 2008) (denying a motion for summary judgment after amended complaint filed).

There is an exception to this general rule when the amended complaint is substantially identical to the initial complaint. *See, e.g., Greater Cincinnati Coal. for the Homeless v. City of*

4

*Cincinnati*, No. 1:08-CV-603, 2009 WL 3029661, at *4 (S.D. Ohio Sept. 16, 2009). Here, however, the proposed amended complaint adds new factual allegations regarding the Equal Pay Act claim, and thus the proposed amended complaint is not substantially identical to the initial complaint.

Accordingly, the Court will first consider Plaintiff's motion to amend and will then address Defendant's motion to dismiss.

### A. Motion to Amend

Plaintiff has moved to amend her complaint to add new factual allegations. (Doc. 20.) In response, Defendant contends that the proposed amended complaint still fails to state a claim for relief under the Equal Pay Act. (Doc. 22.) Specifically, Defendant asserts the amended complaint fails to identify a single male employee who was compensated more than Plaintiff for the same or similar work. (*Id.*) Thus, Defendant contends the claim should be dismissed. (*Id.*) Plaintiff has not filed a reply.

In deciding whether to grant leave to amend a complaint, a court should consider whether the proposed claims would be futile. *See Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *N. Am. Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1284 (6th Cir. 1997). A proposed claim is futile if it could not withstand a Rule 12(b)(6) motion to dismiss. *See Thiokol Corp.*, 987 F.2d at 383.

Here, Plaintiff asserts she is seeking leave to amend her complaint to add factual allegations regarding age discrimination (Doc. 20), but the proposed amended complaint adds two paragraphs that only discuss a pay disparity on the basis of sex. Specifically, the two new paragraphs state:

14.     Defendant, in its continuing effort to discriminate against Plaintiff, paid males who performed equal work under similar conditions more than Plaintiff.

15.     When the Plaintiff brought the pay disparity to her supervisor's attention, her supervisor verbally assaulted her.

(Doc. 20-1 ¶¶ 14–15.)

Accordingly, it appears Plaintiff's proposed amended complaint seeks to address potential deficiencies with her Equal Pay Act claim, and the Court must determine if the proposed amended complaint states an Equal Pay Act claim that is plausible on its face.

The Equal Pay Act prohibits employers from discriminating,

within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex[.]

29 U.S.C. § 206(d)(1).

To survive a motion to dismiss, a plaintiff need only provide sufficient factual allegations which, if taken as true, plausibly allege a defendant discriminated between employees on the basis of sex by paying female employees less than male employees for equal work. *See Twombly*, 550 U.S. at 570.

Here, the proposed amended complaint fails to meet the plausibility standard. The amended complaint does not name any male employees who were paid more than Plaintiff for equal work or offer any facts to allow the Court to infer Plaintiff was paid less than male employees for equal work. Instead, the amended complaint merely asserts that Defendant "paid males who performed equal work under similar conditions more than Plaintiff." (Doc. 20-1 ¶ 14.) The only other mention of a pay disparity appears in the subsequent paragraph, which asserts her supervisor verbally assaulted her when Plaintiff brought the pay disparity to her supervisor's attention. (Doc.

20-1 ¶ 15.)  Thus, the only allegations regarding a pay disparity based on sex are legal conclusions that a pay disparity existed.  The Court is not required to accept legal conclusions as true.  *See Papasan*, 478 U.S. at 286.  Without these legal conclusions, Plaintiff's proposed amended complaint is devoid of any factual allegations that she was paid less than male employees for the same or similar work.  As a result, the proposed amended complaint fails to state a claim for relief under the Equal Pay Act, and allowing the amendment would be futile.  Accordingly, Plaintiff's motion to amend will be denied.

## B.     Motion to Dismiss

Defendant has moved to dismiss the Equal Pay Act claim on the basis that the complaint fails to state a plausible claim for relief.  (Doc. 16.)  Defendant asserts the complaint does not allege any facts regarding greater wages for male employees than female employees for performing equal work under similar conditions.  (Doc. 17.)  In fact, Defendant contends the only allegation related to gender addresses alleged differences in job duties.  (*Id.*)  Thus, Defendant argues, Plaintiff's claim of discrimination under the Equal Pay Act should be dismissed.  (*Id.*)

In response, Plaintiff asserts that the complaint adequately alleges an Equal Pay Act claim based on reasonable inferences drawn from the factual allegations.  (Doc. 21.)  Specifically, the complaint alleges Defendant told older workers they were "too old" and "too slow," indicating Defendant disliked older employees.  (*Id.*)  Plaintiff contends it is reasonable to infer that an employer that disliked older employees would not only try to force them to quit, but would also pay them less.  (*Id.*)  Plaintiff argues "there is clearly a reasonable inference that a company that discriminates on the basis of age and sex, going so far as to force older security guards to handle

and tag dead bodies, would also discriminate in all aspects of the job, including wages[.]" (*Id.* at 3.)[2]

As discussed above, Plaintiff's complaint does not offer any specific factual allegations regarding a pay disparity on the basis of sex, even as amended. Plaintiff requests the Court to draw reasonable inferences from the factual allegations to find an Equal Pay Act claim, but only directs the Court to allegations regarding age discrimination, not sex discrimination. Even assuming all of the factual allegations in the complaint are true and taking all reasonable inferences in Plaintiff's favor, there are no factual allegations that Defendant paid female employees less than male employees for substantially similar work. As a result, Plaintiff has failed to plausibly allege an Equal Pay Act claim and the claim will be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the Court will **DENY** Plaintiff's motion to amend her complaint and will **GRANT** Defendant's motion to dismiss the Equal Pay Act claim.

**An appropriate order will enter.**

/s/ _____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff has also attached an affidavit to her response to the motion to dismiss, but the Court cannot consider matters outside the complaint in deciding a motion to dismiss. *See* Fed. R. Civ. P. 12(d).